

ENTERED
07/29/2016

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MARIA GUADALUPE HERNANDEZ | § | CASE NO: 16-70093 |
| Debtor | § | |
| | § | CHAPTER 13 |

MEMORANDUM OPINION
REGARDING PLAINSCAPITAL BANK'S
OBJECTION TO CONFIRMATION

[*Resolving ECF #47*]

## I.   INTRODUCTION

Pending before this Court is a single matter, whether to confirm the Plan of Reorganization, as amended, that has been proposed by Debtor and to which PlainsCapital Bank, a secured creditor, objects. [ECF Nos. 43 and 70]; *see also* [ECF No. 47]. PlainsCapital Bank seeks that this Court will either deny confirmation of the Debtor's Plan or order relief such that the implementation of Debtor's Plan will be satisfactory. *See generally* [ECF No. 47]. ). This Court, having considered the pleadings filed by the parties, the arguments made, the evidence, and the remainder of the record, finds that PlainsCapital Bank's objection, [ECF No. 47], should be **SUSTAINED** only as to the implementation of the Plan and that the chapter 13 trustee's present implementation of the Plan is improper.

## II.   FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rules of Bankruptcy Procedure 7052, which incorporates Fed. R. Civ. P. 52, and 9014. To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

On February 29, 2016, Debtor filed her initial voluntary petition for chapter 13 bankruptcy. [ECF No. 1]. Contemporaneously, Debtor filed a chapter 13 Plan of Reorganization. [ECF No. 2]. On April 7, 2016, Debtor filed an amended chapter 13 plan and subsequently amended it on June 15, 2016. [ECF Nos. 43 and 70] (the "*Plan*").

Approximately a week after the first amended plan was filed, PlainsCapital Bank ("**PCB**"), a secured creditor,[1] filed its objection to the confirmation of the Plan, not on the basis of its treatment under the Plan, *per se*, but insofar as the "implementation of the Chapter 13 plan in that it will not provide it with the treatment it is entitled to…" [ECF No. 47] (the "*Objection*"). Specifically, PCB states it "is entitled to interest on its claim from the petition date to the extent the value of the collateral allows." *Id.* at ¶ 3; *see generally* 11 U.S.C. § 506.[2] Despite this, PCB states "[chapter 13] Trustee only accrues and pays interest beginning with the date of confirmation, with the result that the creditor does not receive interest for the period between petition date and confirmation." [ECF No. 47 at ¶ 3]. Debtor's pleadings provide that PCB is oversecured. [ECF No. 1 at 24].

This Court held a confirmation hearing on Debtor's Plan and PCB's Objection on June 23, 2016, but due to procedural issues the confirmation hearing was reset to July 28, 2016 (the "*Hearing*"). [ECF No. 79].

At the Hearing, Counsel for PCB and the chapter 13 trustee announced that the chapter 13 trustee was planning to modify her procedures so that interest payments on over secured claims would begin accruing for the pre-confirmation period. Given the change in the chapter 13

---

[1] *See* [ECF No. 1 at 24] (scheduling PCB as a secured creditor possessing a secured interest, vis-à-vis a conventional real estate mortgage, in the "debtor's homestead" in the amount of $18,049.27 on collateral, i.e. the debtor's homestead, of $129,889.00).
[2] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.

trustee's plan for implementation, Counsel for PCB initially was going to withdraw the Objection. Ultimately, Counsel for PCB stated that he prefer that this Court issue a memorandum as opposed to withdrawing the Objection. In accordance with that, this Court stated that it would issue the instant Memorandum Opinion.

### III.    CONCLUSIONS OF LAW

#### a.  Jurisdiction, Venue, and Constitutional Authority

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334. Further, venue, is governed by 28 U.S.C. § 1408, and is proper because Debtor's primary place of residence is Progreso, Texas, which is within the McAllen Division of the Southern District of Texas. The matter before the Court is a core proceeding, as provided by 28 U.S.C. § 157(b)(2)(A), and is not in violation of *Stern* because any order entered by this Court in this matter does not mark the "final determination of the rights of the parties to secure the relief they seek." *Stern v. Marshall*, 131 S. Ct. 2594 (2011); *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1155 (5th Cir. 1988); *see also In re Crager*, 691 F.3d 671 (5th Cir. 2012).

#### b.  Analysis of § 506 and Instant Case

The United States Bankruptcy Code provides that, to the extent that a secured creditor's claim is oversecured, "there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." 11 U.S.C. § 506(b). The Supreme Court has addressed this very matter in *Rake v. Wade*, where, like here, an objecting creditor sought pre-confirmation and post-confirmation interest, as well as attorney's fees. 508 U.S. 464, 467-69 (1993). The Court interpreted the provisions of § 506(b) on the basis of the plain language of the Code and found that the debtors had appropriately applied the provisions of § 1322(b)(5) to bifurcate the

creditor's claims where the arrearages were treated as separate claims from the home mortgage claims.  *Id.* at 472-73.  Further, the Court determined that there was no conflict between § 1322(b)(5) and § 506(b) or that such bifurcation provided for the non-payment of interest provided to a portion of a secured claim.  *Id.* at 471-72.  To do so would be to "constru[e] one provision in a statute so as to suspend or supersede another provision"—a result that the Supreme Court avoids by according "significance and effect … to every word."  *Id.* at 471 (citing to *Ex parte Public Nat. Bank of New York*, 278 U.S. 101, 104 (1928)).  Ultimately, the Supreme Court held that the arrearages cured under § 1322(b)(5) were entitled to pre-confirmation interest by virtue of § 506 because, regardless of the bifurcation, the creditor's claim was oversecured.  *Id.* at 472.

As the Debtor's pleadings confirm that PCB is oversecured and thus qualify for interest on its claim pursuant to § 506, the only issue is whether the implementation of the Plan should be accruing pre and post-confirmation or only post-confirmation interest.  *See* [ECF No. 1 at 24]; *see generally* § 506(b); § 1322(b)(5).  If this Court were to adopt the same construction as initially advocated by the chapter 13 trustee, it would be to deny effect to part of § 506 as PCB's secured claim has been allowed..  *See* [ECF No. 70 at 7]; *see also* § 506(b).  The Supreme Court has said that this is something that should *not* be done.  *Rake*, 508 U.S. at 471.  The only outcome is that the chapter 13 trustee's argument must give way to the holding of *Rake* and the provisions of § 506(b), which is in fact what the chapter 13 has indicated that she now intends to do.  Thus, this Court finds that PCB's Objection should be sustained to the extent that it objects to the implementation of the Plan, but not to the substance of the Plan.

### IV.  CONCLUSION

The Court considered PCB's Objection to the Debtor's Plan on the basis that the

implementation of the Plan by the chapter 13 was contrary to the Code, but that PCB's treatment under the Plan was acceptable.  *See* [ECF No. 47]; *see also* [ECF Nos. 43 and 70].  In light of the Supreme Court's holding in *Rake* and the terms provided in § 506, this Court holds that PCB's Objection, [ECF No. 47], is **SUSTAINED** insofar as PCB objects to the implementation of the Plan by the chapter 13 trustee that fails to provide for accrual of pre-confirmation interest and that the chapter 13 trustee shall also accrue and pay all pre-confirmation interest for PCB's allowed secured claims without requiring any further action by PCB.

    An Order consistent with this Memorandum Opinion shall be simultaneously entered herewith.

SIGNED 07/29/2016.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge